US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

SEP 0 5 2025

Ronald E. Dowling

By_____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF ARKANSAS

## FORT SMITH DIVISION

Maxis Richards
Plaintiff,

2:25cv2098

v.

National Security Agency (NSA)
Defendant.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I. INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, seeking access to agency records improperly withheld by the National Security Agency ("NSA").

2. Plaintiff, a U.S. citizen residing in Fort Smith, Arkansas, submitted a FOIA/Privacy Act request to the NSA on March 17, 2025, seeking all records pertaining to his identifiers, including his legal names, date of birth, and Social Security number.

3. The NSA has either denied access to such records, failed to conduct an adequate search, or failed to provide all non-exempt portions of responsive records as required under FOIA.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in this district and/or because records are improperly withheld by an agency of the United States.

### III. PARTIES

6. Plaintiff: Maxis Richards, a private individual and resident of Fort Smith, Arkansas. Plaintiff is the requester of the records at issue.

7. Defendant: The National Security Agency ("NSA") is an agency of the United States Government, headquartered at Fort Meade, Maryland, and is subject to FOIA.

## IV. STATEMENT OF FACTS

8. On March 17, 2025, Plaintiff submitted a written FOIA/Privacy Act request to the NSA seeking all records, files, and materials pertaining to himself, identified as follows. (Due to a name change on April 2nd, 2025, Plaintiff has included his old name, Eric Pratt):

- Names: Eric Pratt / Maxis Richards

- Date of Birth: [REDACTED], 1980

- Social Security Number: [REDACTED]-9746

9. Plaintiff requested that the NSA search all relevant systems of records, including signals intelligence, surveillance, program participation, or other operational or administrative records, and to release all non-exempt materials.

10. The NSA received Plaintiff's FOIA request but has failed to provide responsive records, failed to justify any withholdings under FOIA's limited exemptions, and/or failed to conduct an adequate search.

11. Plaintiff has exhausted his administrative remedies, or such remedies are deemed exhausted due to the NSA's failure to comply with FOIA's statutory deadlines.

## V. CLAIM FOR RELIEF (Violation of FOIA, 5 U.S.C. § 552 and Privacy Act, 5 U.S.C. § 552a)

12. Plaintiff repeats and realleges the allegations in the foregoing paragraphs.

13. Defendant NSA has wrongfully withheld agency records responsive to Plaintiff's FOIA request.

14. Plaintiff is entitled to injunctive relief compelling Defendant to immediately conduct an adequate search and disclose all non-exempt responsive records.

15. Defendant has also violated the Privacy Act to the extent that responsive records about Plaintiff exist but have been improperly withheld or maintained.

## VI. PRAYER FOR RELIEF

a. Declare that Defendant NSA has violated FOIA by failing to lawfully respond to Plaintiff's request;

b. Declare that Defendant has also violated the Privacy Act of 1974 (5 U.S.C. § 552a) to the extent responsive records are maintained but not disclosed or corrected;

c. Order Defendant to immediately conduct an adequate search for all records responsive to Plaintiff's request and release all non-exempt records;

d. Enjoin Defendant from continuing to withhold non-exempt records;

e. Award Plaintiff costs and reasonable attorney's fees under 5 U.S.C. § 552(a)(4)(E);

f. Grant such other and further relief as the Court deems just and proper;

g. If Defendant asserts that responsive records are exempt from disclosure on the basis of classification or other FOIA exemptions, Plaintiff respectfully requests that this Court conduct an in camera review of the withheld records pursuant to 5 U.S.C. § 552(a)(4)(B), to determine whether such withholdings are proper;

h. If, upon in camera review, the Court determines that responsive records contain evidence of illegal activity or violations of the Constitution or federal law, Plaintiff respectfully requests that the Court take such further action as may be necessary and proper, including referral for appropriate relief or proceedings consistent with the Court's authority.

i. Order Defendant to produce a Vaughn index with sufficient detail to permit meaningful judicial review, describing each document or portion withheld, the statutory exemption claimed, and the justification for the withholding;

j. Order Defendant to release all reasonably segregable portions of responsive records, even if parts of the records are found to be exempt, as required under 5 U.S.C. § 552(b);

k. Declare unlawful any improper reliance on a Glomar response ("neither confirm nor deny") where the existence of responsive records can and should be acknowledged;

l. Order Defendant to preserve all potentially responsive records pending resolution of this action, including any electronic, classified, or archived materials;

m. Order Defendant to produce all non-exempt responsive records within 60 days of this Court's order;

n. Retain jurisdiction over this action until Defendant fully complies with the Court's orders; and

o. Given the importance of the requested records, grant expedited consideration of this matter.


Respectfully submitted,

Maxis Richards
1000 Utica St
Fort Smith, Arkansas 72901
503-781-1915
maxisnatural@gmail.com

*Maxis Richards*